U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 0 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ISREAL JIMENEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-177-A |
| | § | (NO. 4:13-CR-080-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Isreal Jimenez ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:13-CR-080-A, styled "United States of America v. Isreal Elias Jimenez, et al.," the court has concluded that the motion should be denied.

I.

## Background

Information contained in the record of the underlying criminal case discloses the following:

On May 15, 2013, movant was named, along with six others, in a one-count indictment charging them with conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation

of 21 U.S.C. § 846. Cr. Doc.[1] 27. Attorney Andrew Ottaway was appointed to represent movant and represented him through sentencing and on appeal. Cr. Doc. 3.

On June 27, 2013, movant pleaded guilty without a plea agreement. Cr. Doc. 66. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; that the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. The factual resume recited each of the elements of the conspiracy alleged in the indictment and set forth the stipulated facts that established each element. Cr. Doc. 67. The factual resume stated that movant faced a term of imprisonment of not less than five years or more than forty years. Id. The court

---

[1]The "Cr. Doc." reference is to the number of the item on the court's docket in the underlying criminal case.

2

reviewed each part of the factual resume with movant and determined that his plea was a knowing and voluntary one.

The PSR reflected a total offense level of 37, a criminal history category of II, and an advisory sentencing range of 235-293 months' imprisonment. Cr. Doc. 90 (PSR ¶ 89). It assessed three 2-level enhancements for possessing a firearm, maintaining drug premises, and playing an aggravating role. Id. (PSR ¶¶ 40, 41, 43). And, it allowed movant reduction of three levels for acceptance of responsibility. Id. (PSR ¶¶ 47-48). Movant filed written objections to the firearm enhancement and total drug amount. He later withdrew the objection as to the firearm, but persisted in objecting to the drug quantity calculation, arguing that in the Dallas/Fort Worth area, an ounce of heroin weighed 25 grams, rather than the 28.35 grams used in the sentencing guidelines. The court overruled the objection and sentenced movant to 240 months' imprisonment.

On appeal, movant's sole issue was that the court over-estimated the quantity of drugs he possessed. The Fifth Circuit disagreed and affirmed the sentence. United States v. Jimenez, 587 F. App'x 217 (5th Cir. 2014). Movant did not pursue a petition for writ of certiorari.

3

II.

Grounds of the Motion

Movant urges four grounds in support of his motion, stated as follows:

Ground One: cause and prejudice

Supporting FACTS . . . petitioner was denied his right to an evidentiary hearing as to determine whether the facts and basis against the defendant were true. Petitioner was not given the opportunity to challenge the affidavits and was ineffectively represented by counsel for not challenging the breach of the plea agreement.

Ground Two: The Petitioner's rights to due process of law were violated when he was held to a guilty plea that was not knowingly made.

Supporting FACTS . . . petitioner was incorrectly informed about the consequences behind his guilty plea. Specifically about the mandatory maximum and minimum penalties. As well as the base offense level for the drug amount to which petitioner plead guilty to, stated in the indictment, and factual resume.

Ground Three: Petitioner's conviction and sentence were tainted as petitioner did not receive effective assistance of counsel during the underlying criminal proceedings.

Supporting FACTS . . . petitioner was denied effective assistance of counsel when counsel failed to object during sentencing and on appeal to the enhancements recommended by the PSR 2D1.1(b)1, 2D1.1(b)(12) and 3B1.1(c) counsel was also ineffective for not objecting to the over all drug amount of the conspiracy.

Ground Four: Failure to investigate and file a motion to suppress illegally siezed [sic] evidence.

4

Supporting FACTS . . . counsel failed to file any
motions to suppress illegally siezed [sic] evidence and
to question the consent of surveillance and the entire
investigation lead by the ATF and Fort Worth Police
Department, which would [have] shown for the record the
petitioner was not involved in the conspiracy.

Doc.[2] 1.

### III.

### Applicable Legal Standards

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted. United States v. Frady, 456 U.S.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991). A defendant can challenge his conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

the first time on collateral review without showing both "cause"

for her procedural default and "actual prejudice" resulting from

the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors. It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

---

[2]The "Doc." reference is to the number of the item on the court's docket in this civil action.

miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562

U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

IV.

Analysis

All of movant's grounds appear to be complaints about the conduct of his counsel. None has the slightest merit.

Movant's plea of guilty was knowing and voluntary and movant declared under oath that he was satisfied with his counsel. Movant was fully informed of the sentence he faced and understood that he would not be allowed to withdraw his plea if he was dissatisfied with the sentence imposed. Further, movant apologized for his actions and accepted responsibility for what he had done. Cr. Doc. 167 at 7-8. As movant's own brief recites (under the heading "procedural facts"): "On or about 2011 until about Nov. 2012, in Fort Worth, Texas and elsewhere, [movant], and Stephanie White distributed heroin to/with Terry Watkins,

7

Jason Walker, Artist Drayden[,] Garwett Watkins, and Alfred
Wright." Doc. 2 at 2. To claim, as movant now does, that he "did
not possess or distribute any of the drugs," Doc. 2 at 5, or that
he "plead guilty to a crime he did not commit," Doc. 2 at 11, is
ludicrous.

Movant has failed to present the court with anything that
would cause the court to conclude that any aspect of his motion
has the slightest merit. For a defendant who seeks habeas relief
on the basis of alleged promises inconsistent with
representations he made in open court when entering his plea of
guilty to prevail, he must prove: "(1) the exact terms of the
alleged promise, (2) exactly when, where, and by whom the promise
was made, and (3) the precise identity of the eyewitness to the
promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th
Cir. 1998). To be entitled to an evidentiary hearing, the
defendant must produce "independent indicia of the likely merit
of [his] allegations, typically in the form of one or more
affidavits from reliable third parties." Id.. "If, however, the
defendant's showing is inconsistent with the bulk of [his]
conduct or otherwise fails to meet [his] burden of proof in the
light of other evidence in the record, an evidentiary hearing is
unnecessary." Id. See also United States v. Fuller, 769 F.2d
1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and

voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

To the extent that movant refers to a "breach of the plea agreement" by the government, Doc. 2 at 19, the allegation is made of whole cloth. There was no plea agreement with the government and movant does not purport to submit any evidence to the contrary. And, by pleading guilty, movant waived the opportunity to test the sufficiency of the government's evidence at trial. He cannot now contest whether the evidence would have been sufficient to convict him. Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972).

Movant's counsel raised on appeal the only potentially meritorious claim that movant had, regarding the drug quantity calculation, and the court of appeals affirmed movant's sentence,

9

which was in accordance with the guidelines. That issue cannot again be raised here. <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986). Moreover, counsel cannot be faulted for failing to raise nonmeritorious grounds on appeal. <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

In sum, there is no evidence that had his counsel done anything differently, the outcome of movant's case would have been any different. His complaints relative to his counsel lack merit.

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

10

denial of a constitutional right.

    SIGNED April 20, 2016.

JOHN McBRYDE
United States District Judge